PAROLEE — RELEASE FROM SUPERVISION There being no statutory provisions regarding the release of parolees from supervision by the Department of Corrections, they may be released prior to maximum term or terms for which they were sentenced upon approval and authority of the Governor. The Attorney General has considered your letter of January 12, 1971, wherein you state: "In past years, after a period on parole, but prior to pardon, the Deputy Director, Division of Probation and Parole, Department of Corrections, (pardon and parole officer) has granted clients a release from supervision prior to maximum expiration of their sentence and in cases under indefinite sentence." And in connection with the above stated facts you, in effect, ask the following question: "May a parolee be released from the supervision of the Division of Probation and Parole of the Department of Corrections prior to the expiration of the maximum term for which he was sentenced?" Your attention is first directed to 57 O.S. 332 [57-332] (1961) which reads as follows: "The Governor shall have power to grant, after conviction, reprieves, commutations, paroles and pardons for all offenses except cases of impeachment, upon such conditions and such restrictions and limitations as he may deem proper, subject, however, to the regulations hereinbefore prescribed." It is apparent from this Statute that it is within the power of the Governor to grant the parole and also the power of the Governor to set up the restrictions and limitations on such parolees. Your attention then is directed to 57 O.S. 332.11 [57-332.11] (1961) which reads as follows: "It shall be the duty of the Pardon and Parole Officer and his assistants to inquire into the conduct of all parolees. In the event the Pardon and Parole Officer is of the opinion that a violation of the terms and conditions of a parole has been committed warranting the revocation of the parole, he shall make application to the Governor setting forth the ground or grounds for the revocation of the parole." The above quoted statute is the only authority to be found on the duties of the Pardon and Parole Officer to supervise parolees. It will be noted that nowhere in the section is there a limitation of time, either minimum or maximum, that this supervision should include. The terms and conditions of a parole as set out in 57 O.S. 332.11 [57-332.11] would be those as prescribed by the Governor on parole. The only Statute to be found dealing with expiration of maximum term of prison sentences in relation to pardons and paroles is 57 O.S. 332.10 [57-332.10] (1961), which reads as follows: "Upon completion of the terms and conditions of a parole, which shall be the maximum expiration date of the prison sentence being served, the Pardon and Parole Officer shall call such fact to the attention of the Pardon and Parole Board who in turn shall immediately make the recommendation to- the Governor as to whether the parolee is entitled to a pardon." It should be noted that under the above Statute as a reference of the completion of terms and conditions is upon the maximum expiration date of the prison sentence being served. This Statute, however, does not say that the supervision must continue that time but at the end of that maximum expiration date the Pardon and Parole Board is to make a recommendation to the Governor. No statutory authority can be found setting out the exact period of time that supervision of a parolee must continue. Under the Statutes as set out above, it would appear that the period of time for supervision of parolees would be up to the conditions and limitations set out by the Governor on parole and not a matter of statutory authority. It is, therefore, the opinion of the Attorney General that your question be answered in the affirmative. A prisoner may be released from the supervision of the Division of Probation and Parole of the Department of Corrections, prior to the expiration of the maximum term or terms for which he is sentenced, with the consent and authority of the Governor of the State of Oklahoma. (Fred H. Anderson)